IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| DIAMOND OFFSHORE COMPANY, § | |
| *Plaintiff*, § | |
| v. § | |
| § | CIVIL ACTION NO._____ |
| SURVIVAL SYSTEMS § | |
| INTERNATIONAL, INC. § | |
| *Defendant*. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Diamond Offshore Company ("Diamond" or "Plaintiff"), files this Complaint in accordance with Federal Rules of Civil Procedure 7, 8, 9, and 11 against Defendant, Survival Systems International, Inc. ("SSI" or "Defendant").

### A. PARTIES

1.  Diamond Offshore Company is a Delaware company with its principal place of business in Houston, Texas.

2.  SSI is a California company with its principal place of business in Valley Center, California. It may be served through its registered agent for service of process, Bob Sbardellati, at the law firm of Sheppard Mullin, 501 W. Broadway, 19th Floor, San Diego, California 92101.

### B. JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Plaintiff Diamond Offshore Company and Defendant are citizens of different states. The amount in controversy in this case exceeds $75,000 exclusive of interest and costs. Venue is proper pursuant to the parties' agreement and 28 U.S.C. §1391(a)(2) & (3).

## C. GENERAL ALLEGATIONS

4. Diamond is an offshore drilling contractor with mobile offshore drilling units (MODUs) located worldwide. SSI is a lifeboat equipment designer and manufacturer. SSI designed and manufactured lifeboat hooks for Diamond's MODUs. SSI also repaired lifeboats.

5. On May 17, 2010, while conducting lifeboat drills aboard the *Ocean Ambassador*, one of Diamond's rigs, the SSI-manufactured "Triple 5 Hooks" opened unexpectedly, causing the lifeboat suspended from the hooks to fall into the water below, killing two crew members and injuring the two other crew members who were in the lifeboat.

6. Following the incident, Diamond learned that SSI's Triple 5 Hooks have a latent design defect which allows the hooks to open, even while bearing the full load of the lifeboat. This was a surprise to Diamond, as SSI repeatedly represented to Diamond that the Triple 5 Hooks were "fail safe" because once the weight of the lifeboat was on the hook, the hook could not open. This was referred to by SSI as the "on load" design feature. SSI's representations of its "fail safe" "on load" design were the basis for Diamond's purchase of SSI's lifeboat hooks.

7. Diamond has notified SSI that Diamond revoked its acceptance of SSI's hooks. SSI has not responded to Diamond's revocation and demand for the return of its money.

## D. CAUSES OF ACTION

### Count 1—Breach of Contract

8. SSI breached its contracts and repudiated its contracts with Diamond. Diamond revokes its acceptance of SSI's Triple 5 Hooks and related equipment.

9. All conditions precedent to this action have occurred.

10. SSI's breaches resulted in Diamond incurring direct, special, and incidental damages in excess of the minimum jurisdictional limits of this Court.

### Count 2—Breaches of Express and Implied Warranties

11.     SSI breached its express and implied warranties, including but not limited to the implied warranties of good and workmanlike performance, merchantability, fitness for a particular purpose, and any other applicable express or implied warranties under the TEXAS BUSINESS & COMMERCE CODE.  Moreover, the Triple 5 Hooks and warranties provided by SSI failed their essential purpose.

12.     SSI's breaches resulted in Diamond incurring direct, special, and incidental damages in excess of the minimum jurisdictional limits of this Court.

### Count 3—Negligence and Gross Negligence

13.     SSI breached its duty of care and acted negligently regarding its design, manufacture, and sale of its products to Diamond.  SSI failed to perform its duties with requisite care, skill, reasonable expedience, and faithfulness.

14.     SSI's conduct amounted to both negligence and gross negligence.

15.     As a proximate result of SSI's negligence and gross negligence, Diamond incurred direct, special, and incidental damages in excess of the minimum jurisdictional limits of this Court.

### Count 4—Negligent Misrepresentation

16.     SSI made negligent representations regarding the design, manufacture, operability, quality, and safety of its products to Diamond, including but not limited to SSI's Triple 5 Hooks being "stable," fail safe," and incapable of opening once "on load," meaning that the hook would not open once the load of the lifeboat was on the hook. SSI's representations were either knowingly false or made with reckless disregard as to their truth or falsity.

17.     Diamond justifiably relied on SSI's representations.

18. As a proximate result of SSI's negligence and gross negligence, Diamond incurred direct, special, and incidental damages in excess of the minimum jurisdictional limits of this Court.

## **Count 5—Fraud and Fraud in the Inducement**

19. SSI made representations and omissions regarding the design, manufacture, operability, and safety of its equipment, both before and after the failure of the SSI Triple 5 Hooks on the *Ocean Ambassador*. SSI's *representations* include, but are not limited to, that the Triple 5 Hooks were fail safe, would not open under load, would meet specifications and codes, and were designed such that reliance on training and maintenance were reduced when compared to other hook designs. SSI's *omissions* include, but are not limited to, that Triple 5 Hooks did not meet specifications and/or codes, were not "fail safe," could and would open when "on load," were never tested under environmental conditions similar to their intended use, and were not designed such that reliance on training and maintenance were reduced when compared to other hook designs. These representations and omissions were made knowingly or with reckless disregard as to their truth or falsity. Based on these representations and omissions, Diamond issued the purchase orders for the SSI lifeboat-related equipment, including the Triple 5 Hooks. SSI intended that Diamond would rely on such representations and/or non-disclosures.

20. Diamond reasonably relied on SSI's representations and omissions to its detriment.

21. As a proximate result of the SSI's misrepresentations and non-disclosures, Diamond has been injured in an amount in excess of the jurisdictional limits of this Court for which it now sues. Further, Diamond seeks rescission of the purchase orders and all related direct, consequential, and incidental damages.

### Count 6—Strict Liability

22. SSI is a designer, manufacturer, and/or seller engaged in the business of introducing products into the stream of commerce. SSI introduced the Triple 5 Hooks and related equipment into the stream of commerce. The equipment SSI designed and manufactured, including but not limited to the Triple 5 Hooks, were defective. The equipment reached Diamond without substantial change in its condition from the time it was originally sold. The manufacturing and design defects in the equipment rendered it unreasonably dangerous and the manufacturing and design defects in the equipment caused damages to Diamond, its employees and contractors and its property, including property damage, physical injury, and death.

#### a. Strict Liability—Negligence

23. Based upon the foregoing, SSI is liable under strict liability for its negligence in manufacturing and designing the Triple 5 Hooks and related equipment.

24. A safer alternative design existed at the time SSI designed the Triple 5 Hooks that would have prevented or significantly reduced Plaintiffs' losses without substantially impairing the hooks' utility and was economically and technologically feasible by the application of existing or reasonably-achievable scientific knowledge at the time the Triple 5 Hooks left SSI's control.

#### b. Strict Liability—Breaches of Express and Implied Warranties

25. In addition to its express and implied warranties, Plaintiffs relied upon SSI's implied warranty of fitness for a particular purpose. SSI knew of Diamond's needs when it sold the hooks to Diamond, and SSI knew that Diamond relied on SSI to recommend and provide a product suitable for Diamond's particular needs.

26. Based upon the foregoing, SSI is liable under strict liability for its breach of its express and implied warranties. Diamond seeks its direct and consequential damages in excess of the minimum jurisdictional limits of the Court.

## Count 7—Declaratory Relief

27. Pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. Section 2201, Diamond respectfully requests that this Court declare that:

   1) Diamond's revocation of its acceptance of the Triple 5 Hooks and related equipment is proper;

   2) Any purported limitation of SSI's warranty, liability, or damages regarding the Triple 5 Hooks and related equipment is void or otherwise not effective; AND

   3) No limitation on SSI's liability, warranty, or damages exists pursuant to the purchase orders or any other agreement regarding the Triple 5 Hooks and related equipment.

28. All conditions precedent have been performed or have occurred.

## Attorney Fees

29. Pursuant to Texas law, Diamond requests its reasonable attorney's fees. Diamond has made a demand that SSI pay Diamond its damages; SSI has not responded to Diamond's demand.

## Jury Trial Requested

30. Diamond requests a jury trial and tenders the appropriate fee.

**PRAYER**

THEREFORE, Diamond respectfully requests that the Court enter judgment against SSI and award the following:

a. Actual, direct, special, and incidental damages in excess of the minimum jurisdictional limits of this Court compensating Diamond for its costs and losses, including but not limited to:

    1) Losses relating to the testing and fleet-wide replacement of all Triple 5 Hooks, lifeboats and related equipment; AND

    2) Amounts paid in settlement of claims associated with injuries and deaths attributable to the Triple 5 Hooks, lifeboats and related equipment;

b. Rescission of the purchase orders;

c. All available remedies under the Texas Business & Commerce Code;

d. Exemplary damages as allowed by law;

e. Pre-judgment and post-judgment interest allowed by law;

f. Attorney's fees;

g. Costs of court;

h. Declaratory judgments as requested above; and

i. Such other relief that the Court deems appropriate.

Respectfully submitted,

By: \_\_\_\_/s/ Laura P. Haley\_\_\_\_
    Laura P. Haley
    Federal No. 26311
    lhaley@dodi.com
    Diamond Offshore Company
    15415 Katy Freeway, Suite 100
    Houston, Texas 77094
    (281) 647-2180
    (281) 647-2223 (fax)

**ATTORNEY FOR PLAINTIFFS**
**DIAMOND OFFSHORE COMPANY**

**OF COUNSEL:**

**DOBROWSKI L.L.P.**
Anthony D. Weiner
Federal No. 38618
adw@doblaw.com
4601 Washington Avenue, Suite 300
Houston, Texas 77007
(713)659-2900
(713)659-2908 (fax)